Hyman, C. J.
This suit was brought by plaintiff in his capacity of curator of the succession of William C. Wilson, deceased, to recover from defendant a certain house and lot in New Orleans, and also certain movable property alleged by him to belong to the succession of tho deceased Wilson.
Defendant, in answer, claimed to be the owner of the house and lot, because she purchased and paid for the same with her paraphernal funds, received from her father’s succession. She also claimed that she was the owner of the personal property.
It is proved that at the time defendant bought the house and lot, she was married with William C. Wilson, that she wished to buy the house and lot, and pay for tho same with her paraphernal funds, and did with .the const her husband, buy the property for part of the price in cash, and part on credit.
*41 It is further proved that the property was paid for out of the funds which she received by inheritance from her father’s succession. It is not proved that William O. Wilson, her husband, took or had any control over the funds thus received from her father’s estate, except that with a part of the funds he made the cash payment on the property, acting in the name and for defendant.
It is contended by plaintiff that the house and lot is owned in common between the succession of W. O. Wilson, and defendant as being a part of the community of acquets and gains acquired during the marriage of W. C. Wilson with her.
The general rule is, that property purchased during marriage, whether in the name of one or both of the spouses becomes community property, if there be no stipulation in a marriage contract to the contrary. See O. O. Arts. 2369, 2371.
The wife has the right to purchase property in her own name for her separate advantage, and to pay for it out of her paraphernal funds, otherwise she would not have the right to administer for her own interest her paraphernal property which the law clearly accords to her. See O. O. 2361.
The property thus acquired by the wife during marriage, forms an exception to the general rule, and belongs to her alone. 17 La. Rep. 299. 5 A. Rep. 116. Were it otherwise, and did the property thus acquired become community property, the wife by the very act of management of her paraphernal means, would make the husband part owner of the property she acquired by these means, lose her control and management of the same, cause the husband to be part owner thereof, subject to be sold and disposed of at his option during the marriage and without her consent; and should the husband not dispose of the same before the dissolution of the marriage, neither she nor her heirs could ever have any right or interest therein, but the property would be the husband’s or his heirs, unless the community should be accepted by her or them. We cannot conclude that the law-maker ever intended such irrational results.
The personal property sued for, is proved not to have been owned either by W. C. Wilson or his estate.
The District Judge gave judgment in favor of defendant, rejecting plaintiff’s claims, from which he has appealed.
Let the judgment be affirmed, and let plaintiff pay cost of suit.